UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN



DANNY TURNER,

   Defendant-Movant,

             V.                  28 U.S.C. 2253

                                  CASE NO. 08-CR-22-bbc

UNITED STATES OF AMERICA,     14-cv-838-bbc

MOVANT'S APPLICATION FOR CERTIFICATE OF
APPEALABILITY, SUPPORTING MEMORANDUM, AND    NOTICE OF APPEAL.

TO: The Honorable BARBARA B. CRABB

COMES NOW, Defendant-Movant Danny Turner (hereinafter Movant), by and through himself hereby applies for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. 2253(c) and rule 22(b) of the Federal Rule of Appellate Procedure.

   As grounds for this request Movant submits the following:

GROUNDS FOR CERTIFICATE

     Movant suggests that the District Court's judgment denying relief under 28 U.S.C. 2255 warrants appellate review as such petition raises Federal Constitutional issues

debatable among reasonable jurists and deserves encouragement to proceed further.

See Slack V. McDaniel, 529 US 473 (2000); see also, Barefoot V. Estelle, 463 US 883 (1983).

A. Claims Denied On the Merits:

1.) WHETHER TRIAL COUNSEL'S FAILURE TO REQUIRE THE COURT TO ENFORCE ITS ORDER FOR THE PRODUCTION OF THE EXPERT WITNESS UNDERLYING NOTES, MACHINE-GENERATED PRINTOUTS, AND REASONS UPON WHICH THE EXPERT OPINION ON DRUG IDENTIFICATION WAS THE RESULT OF INEFFECTIVE LEGAL REPRESENTATION AND PREJUDICIAL TO PETITIONER, AS ESTABLISHED IN: House V. Balkcom, 725 F.2d 608 ( CA 11 1984) and see; Kimmelman V. Morrison, 477 U.S 365.

2.) WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO ASK FOR AND REVIEW ANY LABORATORY TEST RESULTS AS ESTABLISHED IN: Barbee V. Warden, Maryland Penitentiary 331 F.2d 842 (1964)

B. Procedural Issues:

3.) WHETHER DISTRICT COURT ABUSED ITS DISCRETION BY DENYING MOVANT'S RULE 59 (e),F.R. CIV. P., MOTION, WHEN MOVANT SPECIFICALLY POINTS TO ERRORS OF FACTS THAT RESULTED IN ERRONEOUS CONCLUSIONS OF LAW.

3.) WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION, WHEN THE DISTRICT COURT APPLIED THE APPELLATE COURT'S OPINION AND ORDER RENDERED IN PETITION'S DIRECT APPEAL BASED UPON PETITIONER'S "CONFRONTATION CLAUSE" ISSUE AS FORECLOSING PETITIONER'S SEPARATE AND DISTINGUISHABLE 2255 ISSUE, FOR INEFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAILED TO REQUIRE THE COURT TO ENFORCE ITS ORDER FOR THE GOVERNMENT TO PRODUCE THE EXPERT WITNESS NOTES, AND MACHINE-PRINTOUTS OF DATA?


MEMORANDUM IN SUPPORT OF ISSUANCE OF CERTIFICATE OF APPEAL.


In order to obtain a COA the moving party must make a showing of the "denial of a federal constitutional right" 28 U.S.C. 2253(c). Movant's 2255 action alleged, among other things, that Movant's federal constitutional rights were violated as a result of his trial counsel ineffectiveness which denied Movant SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS right to the UNITED STATES Constitution to have "effective assistance of counsel". Therefore, Movant's 2255 motion did in fact allege the denial of a federal constitutionally protected right satisfying the first statutory requirement. id. 2253(c).
Additionally, a petitioner must demonstrate that reasonable jurists would find it debatable as to whether or not the petition should have been resolved in a different manner or that the judgment was decided wrongly. Slack, supra; Edwards V. United States, 114 F.3d 1083 (11th Cir. 1997). The movant

contends that the district court's judgment denying 2255 relief was a decision that raises legal questions that reasonable jurists could debate as to whether or not the district court's final judgment was wrongly decided. id. Slack.

The district court's decision as to certain post-judgment issues (i.e., Rule 52 and rule 59 (e), F.R. Civ. P., motions) are procedural in nature, however, in SLACK the Supreme Court held that an erroneous procedural ruling does not necessarily preclude an appellate court from considering whether a substantial showing has been made as to the denial of a constitutional right. In fact, the Supreme Court held that "when a district court denies habeas petition [2255] on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue..." id. SLACK at pg. 478 (emphasis added).

CONCLUSION

WHEREFORE, the Movant prays this Honorable Court will review the record, consider all Movant's PRO SE Issues (both substantive and procedural) and identify such issues that may warrant encouragement to proceed further by the issuance of a COA accordingly.

Danny Turner 05731-09
June 25, 2015

*Danny* (signature)